Matter of O'Donnell (2019 NY Slip Op 09008)





Matter of O'Donnell


2019 NY Slip Op 09008


Decided on December 18, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


[*1]In the Matter of Sheila Callahan O'Donnell, admitted as Sheila Callahan, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Sheila Callahan O'Donnell, respondent. (Attorney Registration No. 1428812)



APPLICATION pursuant to 22 NYCRR 1240.10 by Sheila Callahan O'Donnell, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 16, 1977, under the name Sheila Callahan, to resign as an attorney and counselor-at-law. By decision and order on motion of this Court dated May 9, 2017, inter alia, the investigation of the Grievance Committee for the Tenth Judicial District was stayed pending the respondent's participation in a diversion program pursuant to 22 NYCRR 1240.11(a).



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Scalise & Hamilton P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Sheila Callahan O'Donnell, has submitted an affidavit sworn to on July 31, 2019, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that she is the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct as follows: that an investigation was commenced due to allegations that she had a substance abuse problem, but the investigation was stayed pending her participation in a diversion program; that she was arrested and charged with driving while intoxicated, in violation of New York Vehicle and Traffic Law § 1192(3), on September 20, 2016, and December 13, 2016, respectively; that on September 25, 2017, before the Honorable Jude T. Martini of the Newburgh Town Court, Orange County, she pleaded guilty to the charges and was placed on probation; that she violated her probation; and that on January 28, 2019, she was sentenced, inter alia, to 75 days' incarceration. The respondent attests that she cannot successfully defend against the allegations based upon the facts and circumstances of her above described professional misconduct.
The respondent acknowledges that her resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
The respondent attests that the investigation does not include allegations that she [*2]willfully misappropriated or misapplied money or property in the practice of law.
The respondent acknowledges that her resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection, and that she consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which she has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ.,concur.
ORDERED that the application of the respondent, Sheila Callahan O'Donnell, admitted as Sheila Callahan, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sheila Callahan O'Donnell, admitted as Sheila Callahan, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Sheila Callahan O'Donnell, admitted as Sheila Callahan, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sheila Callahan O'Donnell, admitted as Sheila Callahan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sheila Callahan O'Donnell, admitted as Sheila Callahan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the stay issued by decision and order on motion of this Court dated May 9, 2017, is vacated forthwith.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court